UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLYN ALLEN,

       Plaintiff,

v.                                        Case No. 2:13-CV-11318
                                          Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION IN PART AND REJECTING IN PART**

This matter is before the Court on Magistrate Steven R. Whalen's Report and Recommendation on Plaintiff Charlyn Allen's Motion for Summary Judgment **[Docket No. 8, filed July 17, 2013]** and Defendant Commissioner's Motion for Summary Judgment [**Docket No. 13, filed November 18, 2013**]. Defendant filed an Objection to the Magistrate's Report and Recommendation **[Docket No. 17, filed June 9, 2014]**. Plaintiff failed to object and the time to file such has passed. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in part and **REJECTS** it in part. Defendant Commissioner's Motion for Summary Judgment [**Docket No. 13, filed November 18, 2013**] is

**GRANTED** and Plaintiff Allen's Motion for Summary Judgment **[Docket No. 8, filed July 17, 2013]** is **DENIED**.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which

remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. The Magistrate Judge does not indicate under which authority he recommends a remand. A remand is improper under both types of remand for the reasons stated below.

Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994).

In the present case, the Commissioner did not incorrectly apply the regulations. The Court has had an opportunity to review this matter and finds that the Magistrate Judge did not reach the correct conclusion. The only error the Magistrate Judge found in ALJ's ultimate finding was the use of the word "marked" instead of "moderate." As the Defendant's Objection indicates, the "finding of marked limitations was merely a typographical error" (Def.'s Objection to the Magistrate Judge's Rep. and Rec., p.3). The Court is required to review the findings and conclusions of the Commissioner in the context of the record as a whole (*Gribbins v. Comm'r of Soc. Sec.*, 37 F. App'x 777, 779 (6th Cir.2002)). The

3

ALJ relied on a medical opinion that Plaintiff could perform routine, 2-step tasks on a sustained basis, which is consistent with a finding of moderate concentration limitations.

Sentence six remand permits the court, on motion of the Commissioner, remand the case to the Commissioner for further action by the Commissioner of Social Security when there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Since the Commissioner has not filed a motion for remand, a sentence six remand is also improper. For these reasons, the case will not be remanded.

Accordingly,

**IT IS ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment **[Docket No. 13, filed November 18, 2013]** is **GRANTED** and that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Charlyn Allen's Motion for Summary Judgment **[Docket No. 8, filed July 17, 2013]** is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 30, 2014        s/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager